Charles Turner and Keitha Turner,
on behalf of themselves individually
and on behalf of Baby Doe Turner

v.

Oscar M. Laserna et al.

August 26, 1986

## By JUDGE JOHN A. JAMISON

With respect to the demurrer filed in the above case on September 26, 1985, upon which argument was recently heard in this court, all issues essential to disposition of the demurrer were previously decided with the exception of whether or not Charles Turner has a cause of action in this suit and whether he would be entitled to damages for emotional distress.

The argument of the defendants that he was not a proper party is essentially one which calls for a decision on whether or not a father, in the circumstances of this case, is entitled to recovery for emotional distress without impact or where the evidence is lacking the four elements required in *Womack* v. *Eldridge*, 215 Va. 338 (1974).

Heretofore, there was little question that without receiving some personal injury to himself or having suffered such "nervous distress" following an injury, he would have no cause of action. It now appears settled that a plaintiff alleging emotional distress and resulting damage is not required to have been physically injured himself if the following four elements of the alleged wrong are present; first, the wrongdoer's conduct was

intentional and that defendant knew or should have known that emotional distress would likely result; second, the conduct was such as to offend against generally accepted standards of decency and morality, sometimes paraphrased as outrageous and intolerable; third, there was a causal connection between the wrongdoer's conduct and the emotional distress; and fourth, the emotional distress was severe. The foregoing requirements were set out in *Womack*, *supra*, in cases for emotional damages unaccompanied by physical injury.

It is realized that the plaintiff may not be able to show each of the foregoing requirements since there was no physical injury to the father. However, the father's position in this case is similar to the case referred to by all counsel herein, *Naccash* v. *Burger*, 223 Va. 406 (1982). There, the Supreme Court allowed recovery by the father for reasons which, though not conceded by either of defendants' counsel, appear to the detached reader to be remarkably similar to the instant case.

In *Naccash*, the court said:

> We believe, however, that the circumstances of this case justify another exception to the general rule that damages for emotional distress are not allowable unless they result directly from tortiously caused physical injury.

The court goes on to find and quote from the New Jersey case of *Berman*, 80 N.J. 433, by saying that the considerations prompting the limitations announced previously in *Hughes* v. *Moore*, 214 Va. 27 (1973), and *Womack* did not exist in *Naccash* and that to apply those restrictions here, or to refuse to recognize an exception to the general rule, "would constitute a perversion of fundamental principles of justice." It appears clear that the majority of our Supreme Court intends henceforth to consider fathers, as well as mothers, victims in cases of this sort. Though there were four dissents in *Naccash*, the ruling there and in future cases closely similar, will become the law of Virginia. The Richmond Circuit Court decision of Judge Melvin R. Hughes, Jr., in the March, 1986, issue of the *VADA Quarterly* is still another case confirming

the new trend.█ His succinct opinion is commended to counsel.

Accordingly, that portion of paragraph 1 of the demurrer, asking that Charles Turner have the action as to him dismissed, will be overruled.